UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08611-JAK (ASx) | Date | June 15, 2026 |
| Title | Seema Kanwal v. General Motors LLC et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| M. Lindaya | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:        (IN CHAMBERS) ORDER RE MOTION TO REMAND (DKT. 14)**

**I.      Introduction**

On April 7, 2025, Seema Kanwal ("Plaintiff"), brought this action against General Motors, LLC ("Defendant" or "GM"), and Does 1–10 in the Los Angeles Superior Court, asserting claims arising from Plaintiff's purchase of a 2019 Chevrolet Silverado. Dkt. 1-1. Defendant was served with a copy of the Complaint and a summons on April 14, 2025. Dkt. 14-1 at 5. The Complaint advances the following causes of action: (1) violation of Cal. Civ. Code § 1793.2(d) of the Song-Beverly Act; (2) violation of Cal. Civ. Code § 1793.2(b) of the Song-Beverly Act; and (3) violation of Cal. Civ. Code § 1793.2(a)(3) of the Song-Beverly Act; (4) violation of the implied warranty of merchantability, Cal. Civ. Code §§ 1791.1, 1794; and (5) violation of 15 U.S.C §§ 2301–2312 of the Magnuson-Moss Warranty Act. Dkt. 1-1. ¶¶ 8–44.

On September 11, 2025, Defendant filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446 (the "Notice of Removal"). Dkt. 1. On October 3, 2025, Plaintiff filed a Motion for Remand. Dkt 14 ("Motion"). On October 17, 2025, Defendant filed an opposition. Dkt. 15 ("Opposition"). On October 27, 2025, Plaintiff filed a reply. Dkt. 16 ("Reply").

A hearing on the Motion was held on December 1, 2025, and the matter was taken under submission. Dkt. 23. For the reasons stated in this Order, the Motion is **DENIED**.

**II.     Background**

        A.      Parties

It is alleged that Plaintiff resided in Rolling Hills Estates, California at all relevant times. Dkt. 1-1 ¶ 2. It is alleged that Plaintiff entered into a warranty contract with Defendant as to the 2019 Chevrolet Silverado manufactured by Defendant (the "Vehicle"). Dkt. 1-1 ¶¶ 6, 9, 11.

It is alleged that Defendant is a Delaware limited liability company that is registered to do business in California. *Id.* ¶ 4. It is alleged that Defendant is engaged in the design, manufacturing, assembly, production, construction, marketing, sale, and/or distribution of motor vehicles. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08611-JAK (ASx) | Date | June 15, 2026 |
| Title | Seema Kanwal v. General Motors LLC et al. | | |

B.      Allegations in the Complaint

It is alleged that, on or around July 7, 2019, Plaintiff entered into a warranty contract with Defendant as to the Vehicle. Dkt. 1-1 ¶¶ 9, 11. It is alleged that the Vehicle is primarily used for personal, family, or household purposes. *Id.* ¶ 10. It is alleged that the warranty contract Plaintiff entered into contained certain written warranties against defects, including electrical and engine defects. *Id.* ¶ 12.

It is alleged that certain defects, including but not limited to engine and exhaust system defects, manifested during Plaintiff' ownership of the Vehicle. *Id.* It is alleged that Plaintiff delivered the Vehicle to authorized service and repair facilities for diagnosis and repair. *Id.* ¶ 13. It is alleged that Defendant failed to service or repair the Vehicle after a reasonable number of opportunities to do so. *Id.* ¶ 14.

III.    **Analysis**

A.      Legal Standards

Except as precluded by Congress, any civil action brought in a state court may be removed by the defendant if, at the time of removal, there is original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441.

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A motion to remand may raise either a facial or a factual challenge to the defendant's jurisdictional allegations made in support of removal. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the [jurisdictional] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (quoting *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020)). In contrast, a factual attack "contests the truth of the [jurisdictional] factual allegations, usually by introducing evidence outside the pleadings." *Salter*, 974 F.3d at 964 (*Leite*, 749 F.3d at 1121).

In response to a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). Thus, when the moving party does not contest the factual allegations made in the removal notice, but instead asserts that those allegations are facially insufficient to show federal jurisdiction, the factual allegations are deemed true and all reasonable inferences are drawn in favor of the removing party. *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023).

Only upon a factual attack must a defendant support its allegations with competent and admissible evidence proffered to seek to establish them under the preponderance of the evidence standard. *Leite*, 749 F.3d at 1122; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (when removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the elements of removal have been satisfied (quoting *Dart Cherokee Basin*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08611-JAK (ASx) | Date | June 15, 2026 |
|---|---|---|---|
| Title | Seema Kanwal v. General Motors LLC et al. | | |

*Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014))).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000).

      B.      Application

Plaintiff moves to remand this case on two grounds. Dkt. 14 at 6–8. *First*, Plaintiff contends that the Notice of Removal was beyond the 30-day period required by Section 1446(b)(1). *Id.* at 6–14. *Second*, they argue that the amount in controversy has not been met. *Id.* at 14–16.

            1.      <u>Timeliness of Removal</u>

                  a)  Legal Standards

In general, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).[1] Thus, "section 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).

Whether a defendant was, for assessing the timeliness of removal, on "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). That analysis proceeds in the following manner:

> [T]he first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

*Id.*

---

[1] Section 1446(c)(1) provides an exception to Section 1446(b)(3). It states that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). This exception is not at issue here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08611-JAK (ASx) | Date | June 15, 2026 |
| Title | Seema Kanwal v. General Motors LLC et al. | | |

Where the initial pleading does not set forth a "[]determinate" ground for removal, the second 30-day trigger period stated in 28 U.S.C. § 1446(b)(3), begins only "after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693–94 (quoting 28 U.S.C. § 1446(b)(3)). This 30-day period begins only when an "amended pleading, motion, order, or other paper . . . make[s] a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

Beyond those two deadlines, a defendant may remove a case where it "could have" demonstrated removability earlier based on its knowledge "beyond the pleadings." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013). It is not, however, "obligated to do so." *Id.*

b) Application

Plaintiffs first argue that the first 30-day period was triggered when the Complaint was served on April 14, 2025, because it included a Magnuson-Moss Warranty Act ("MMWA") claim, which arises under federal law. Dkt. 14 at 10; *see also Falsafi v. House of Imports, Inc.*, No. 21-cv-00901, 2021 WL 2633157, at *1 (C.D. Cal. June 25, 2021) ("Because the federal claims existed from the start of the lawsuit, it was 'removable from the outset' and Defendants were required to remove it within the initial thirty-day period."). However, there is federal jurisdiction for a claim under the MMWA only if the amount in controversy is at least $50,000. 15 U.S.C. § 2310(d)(3)(B).

Plaintiff concedes that "the state court complaint does not allege a specific dollar amount in controversy." Dkt. 14 at 11. Instead, Plaintiff contends that Defendant could *have* ascertained the amount-in-controversy from the face of the Complaint by using extrinsic evidence. *Id.* at 11–12. This argument is without merit. A defendant "does not have a duty of inquiry" where jurisdictional facts are indeterminate on the face of the complaint. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). "[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Id.*

Plaintiff next argues that the first 30-day period was triggered because the Complaint expressly "la[id] out the specific forms of statutory relief sought" notwithstanding that it did not "allege a specific monetary relief figure." Dkt. 14 at 13. This argument is also unpersuasive. The initial complaint did not trigger the first deadline for removal because it did not contain any determinate allegation of the amount-in-controversy. *See Kuxhausen,* 707 F.3d at 1139 (the first removal deadline is not triggered by "indeterminate" pleadings, *i.e.*, those that do not, on their face, "make clear whether the required jurisdictional elements are present.").

Further, contrary to Plaintiff's argument (Dkt. 14 at 13), it is not material to the timeliness of the removal that the Complaint was filed under the state court's "unlimited jurisdiction," which applies to claims for damages exceeding $35,000. Thus, that statement did not in itself demonstrate that the damages sought exceeded $50,000. *See Holdings v. Ford Motor Co.*, No. 21-CV-2172, 2022 WL 2235815, at *1–2 (C.D. Cal. Feb. 22, 2022) (rejecting the argument that the complaint triggered the 30-day removal period where the caption page and accompanying civil cover sheet alleged that damages "exceeded $25,000"); *Bullard v. Allstate Ins. Co.*, No. 06-CV-5550, 2006 WL 3734359, at *3 (N.D. Cal. Dec. 18,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08611-JAK (ASx) | Date | June 15, 2026 |
|---|---|---|---|
| Title | Seema Kanwal v. General Motors LLC et al. | | |

2006) (rejecting the argument that the "label alone" of unlimited jurisdiction suffices to demonstrate that the amount in controversy is satisfied); *Sevilla v. Life Care Centers of Am., Inc.*, No. 15-CV-5977, 2015 WL 7013112, at *2 (C.D. Cal. Nov. 12, 2015) (same).

Moreover, the second 30-day deadline -- which is initiated by the removing defendant's receipt of an "'amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper," *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)) -- was not triggered. Defendant's Notice of Removal states that it had conducted a "preliminary investigation" and as a result determined that federal jurisdiction was satisfied. Dkt. 1 at 2. Because "neither the original pleading nor any other paper served on the defendant shows that [the case] is removable," Defendant timely removed the case on the basis of its own "knowledge or investigation." *Carrillo v. Monterey Mech. Co.*, No. 24-CV-9202, 2025 WL 1642423, at *2 (N.D. Cal. June 10, 2025).

Plaintiff contends that, because Defendant did not cite to any "other paper" under 28 U.S.C. § 1446(b)(3) in its Notice of Removal, it lacked an "objectively reasonable basis for seeking removal within the second 30-day window." Dkt. 14 at 13–14. This position is not supported by the terms of the removal statute. *See Andrade v. Gen. Motors LLC*, No. 25-CV-7000, 2025 WL 3022669, at *3 (C.D. Cal. Oct. 28, 2025) (rejecting the same argument because it "misunderst[ood] the basis for Defendant's removal and the removal statute."). Defendant is permitted "to remove outside the two thirty-day periods on the basis of *its own information*, provided that it has not run afoul of either of the thirty-day deadlines." *Roth*, 720 F.3d at 1125 (emphasis added). Because Defendant did not rely on any "other paper"[2] to support its assertion of federal jurisdiction in its Notice of Removal, this second 30-day deadline had not been triggered.

Based on the foregoing determinations, "[t]his is simply the kind of case where defendant removed the case based on its knowledge 'beyond the pleadings,' a removal that defendant was not 'obligated' to file pursuant to one of the two 28 U.S.C. § 1446 deadlines, but a removal that defendant nonetheless 'could' file." *Gonzalez v. Nissan N. Am., Inc.*, No. 24-CV-1301, 2024 WL 2782102, at *3 (C.D. Cal. May 29, 2024) (quoting *Kuxhausen*, 707 F.3d at 1141 n.3); *see also Anaya v. Mars Petcare U.S., Inc.*, No. 21-CV-1603, 2021 WL 5578724, at *2 (C. D. Cal. Nov. 29. 2021) ("These two 30-day periods are not the exclusive periods to remove; provided that neither is triggered, a defendant may remove at any time based on the results of its own investigations."). That conclusion is consistent with many recent district court decisions holding that removal was not untimely under 28 U.S.C. § 1446 under similar circumstances. *See, e.g.*, *Andrade*, 2025 WL 3022669, at *3; *Diaz v. Gen. Motors LLC*, No. 25-CV-2208, 2025 WL 3034060, at *3 (C.D. Cal. Oct. 30, 2025); *Stewart v. Gen. Motors LLC*, No. 25-CV-7153, 2025 WL 2848991, at *3–4 (C.D. Cal. Oct. 7, 2025); *Cesena v. Gen. Motors LLC*, No. 25-CV-7225, 2025 WL 3002616, at *2 (C.D. Cal. Oct. 24, 2025); *Perea v. Gen. Motors LLC*, No. 25-CV-7372, 2025 WL 3034234, at *2 (C.D. Cal. Oct. 30, 2025); *Revollar v. Gen. Motors LLC*, No. 25-CV-7904, 2025 WL

---

[2] Documents within Defendant's possession and control, which Defendant might have considered in its investigation, are not the kinds of "other paper[s]" referenced in § 1446(b)(3). *See Adelpour v. Panda Express, Inc.*, No. 10-CV-2367, 2010 WL 2384609, at *4 n.7 (C.D. Cal. June 8, 2010) (the "other paper" in Section 1446(b)(3) cannot be one created by defendant; it "must derive from 'either the voluntary act of the plaintiff . . . or other acts or events not the product of the removing defendant's activity.'" (quoting *Smith v. Int'l Harvester Co.*, 621 F. Supp. 1005, 1007 (D. Nev. 1985))). Similarly, documents received prior to service of the initial pleading do not trigger the second 30-day removal period. *Carvalho*, 629 F.3d at 886.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08611-JAK (ASx) | Date | June 15, 2026 |
| Title | Seema Kanwal v. General Motors LLC et al. | | |

3034059, at *1–2 (C.D. Cal. Oct. 30, 2025).

For these reasons, the Notice of Removal was timely filed.

> 2.     Amount in Controversy

Plaintiff also contends that Defendant has not met its burden of demonstrating that the amount in controversy exceeds $50,000, which as noted, is an element required for federal jurisdiction under the MMWA. Dkt. 14 at 14–16.

> a)     Legal Standards

"[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

The amount in controversy is assessed at the time of removal. *Id.* at 417. Thus, it "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 415. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee*, 574 U.S. at 84 (quoting 28 U.S.C. § 1446(c)(2)). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89 (citing 28 U.S.C. § 1446(a)). If the plaintiff contests the defendant's allegation, then the defendant must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *Id.* at 88 (citing 28 U.S.C. § 1446(c)(2)(B)). The parties "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

> (i)     "Actual Price Paid or Payable"

"Because the MMWA is silent on the question of remedies, courts 'turn[ ] to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy.'" *Tadevosyan v. Kia America, Inc.*, No. 24-cv-11232, 2025 WL 1425545, at *1 (C.D. Cal. May 16, 2025) (quoting *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005)).

The relevant California warranty statute is the Song-Beverly Act. Under the Song-Beverly Act, actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08611-JAK (ASx) | Date | June 15, 2026 |
|---|---|---|---|
| Title | Seema Kanwal v. General Motors LLC et al. | | |

damages include "restitution in an amount equal to the actual price paid or payable by the buyer," reduced by "[t]he amount directly attributable to use by the buyer" prior to delivery of the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity with the warranty. Cal. Civ. Code § 1793.2(d)(2)(B)–(C); *see also id.* § 1793.2(d)(1) ("[T]he manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."). The actual price paid or payable by the buyer includes "any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees." Cal. Civ. Code § 1793.2(d)(2)(B).

Amendments to the Song-Beverly Act, which became effective on January 1, 2025, require certain reductions to be made in calculating the "actual price paid or payable." These reductions cover negative equity, manufacturers' rebates and credits, and "optional equipment, service contracts, or [guaranteed asset protection ("GAP")] financing purchased by the plaintiff." Cal. Code Civ. Proc. § 871.27(b)–(d).[3]

The new "optional equipment, service contracts, or GAP" offset, *id.* § 871.27(b), and manufacturer's rebate offset, *id.* § 871.27(d), use similar language.[4]  Both state that these offsets directly reduce "the calculation of the actual price paid or payable." *Id.* § 871.27(b) ("The defendant is entitled to an offset in *the calculation of the actual price paid or payable* for optional equipment, service contracts, or GAP financing . . . ." (emphasis added)); *id.* § 871.27(d) ("Noncash credits . . . typically referred to as a manufacturer's rebate, shall not be included in the *calculation of the actual price paid or payable* and shall not be used to reduce the amount of any negative equity offset." (emphasis added)).

The mileage offset also depends on the "actual price . . . paid or payable." Cal. Civ. Code § 1793.2(d)(2)(C). Specifically, Cal. Civ. Code § 1793.2(d)(2)(C) provides that the mileage offset is to be calculated by modifying the "the actual price of the new motor vehicle paid or payable by the buyer" according to a specified formula.

"[W]hen the same word appears in different places within a statutory scheme, courts generally presume the Legislature intended the word to have the same meaning each time it is used." *People v. Gray*, 58 Cal. 4th 901, 906 (2014). Accordingly, it is determined that the § 871.27(b) and (d) offsets must be applied, as an initial matter, to reduce the purchase price of a vehicle because these offsets affect the "calculation of the actual price paid or payable." Cal. Code Civ. Proc. § 871.27(d). Only after these initial offsets have been applied is the mileage offset used, based on the "actual price paid or payable" figure that has been "calculated" pursuant to the § 871.27(b) and (d) offsets. Thus, as a textual matter,

---

[3]  Cal. Code Civ. Proc. § 871.27(b)–(d) applies only to actions "seeking restitution or replacement of a motor vehicle" under the Song-Beverly Act against a "manufacturer who has" made an "elect[ion]" pursuant to Cal. Code Civ. Proc. § 871.29. *See id.* § 871.20(a). Defendant represents that it made such an election, which Plaintiff does not dispute. Dkt. 1 at 9. Judicial notice is also taken of a California Department of Consumer Affairs webpage that states that Defendant has elected to opt-in to the new Song-Beverly procedures. *See* Cal. Dep't of Consumer Aff., Arbitration Certification Program, Manufacturers, https://www.dca.ca.gov/acp/accepted_manufacturers.shtml (last accessed Mar. 5, 2025).

[4]  The "negative equity" offset does not share this language. Cal. Code Civ. Proc. § 871.27(c) ("The defendant is entitled to an offset for negative equity incorporated in the transaction from prior vehicles."). This provision is not at issue in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08611-JAK (ASx) | Date | June 15, 2026 |
|---|---|---|---|
| Title | Seema Kanwal v. General Motors LLC et al. | | |

the mileage offset depends on the "actual price paid or payable" -- a figure whose "calculation" in turn depends on the § 871.27(b) and (d) offsets. Moreover, applying the § 871.27(b) and (d) offsets as a first step -- and subsequently applying the mileage offset based on the offset-adjusted "actual price paid or payable" -- is appropriate to harmonize the new Song-Beverly provisions with the existing statutory structure because doing so prevents certain offsets from being double-counted.[5]

(ii)    <u>Milage Offset</u>

After the "actual price paid or payable" is calculated according to the above standards, the restitution that can be awarded must be reduced by the mileage offset pursuant to § 1793.2(d)(2)(C). The offset is the value directly attributable to use by the consumer, which is determined by multiplying the "actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle" for correction of the problem. Cal. Civ. Code § 1793.2(d)(2)(C).[6]  The equation for this mileage offset is: (X/120,000) multiplied by the price paid or payable for the vehicle, where X is the number of miles driven prior to the time the vehicle was first delivered for repair. *See id.*

(b)    Application

Though the Complaint seeks damages under the Song-Beverly Act, it does not include allegations as to the total amount of actual damages. *See* Dkt. 1-1 at 17.

The Notice of Removal alleges that the purchase price of the Vehicle was $77,353.80. Dkt. 1 at 5. Further, the Notice of Removal stated that, based on Defendant's "preliminary investigation," the total offset was estimated to be $14,419.34, which yielded a "plausible estimate of actual damages of $62,934.46." *Id.* No evidence was proffered in support of these contentions at the time of removal.

In support of the Opposition, Defendant filed a copy of the Retail Installment Sale Contract ("RISC") entered into by Plaintiff and Defendant. Dkt. 15-2. The RISC shows that the total sale price of the Vehicle was $77,353.80. *Id.* at 2. The RISC also stated that, at the time that Plaintiff purchased the

---

[5]  For example, in a hypothetical case of an offset for a manufacturer rebate of $10,000 on a vehicle with a purchase price of $100,000 that has been driven 12,000 miles before discovery of the defect, if the rebate offset is applied first under Cal. Code Civ. Proc. § 871.27(d), the new, offset-adjusted "actual price paid or payable" is $90,000. Using that figure, the mileage offset would then be $9000. Thus, the amount recoverable in restitution would be $81,000. If, on the other hand, the rebate offset and the mileage offset applied at the same step based on the total, unadjusted price of the vehicle, the mileage offset would be $10,000. This mileage offset would thereby include part of the value of the purchase price that must separately be reduced pursuant to the rebate offset under Cal. Code Civ. Proc. § 871.27(d). In effect, this method would double-count certain deductions. Thus, in addition to being more consistent with the statutory text, the former method of calculation prevents double-counting.

[6]  In general, the amount in controversy calculation does not take into account affirmative defenses, counterclaims and potential offsets. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (the complaint's disclosure of "the existence of a valid defense to the claim" cannot be grounds for showing failure to meet the amount-in-controversy threshold). However, with respect to the amount attributable to the buyer's use of the vehicle under Cal. Civ. Code § 1793.2(d)(2)(C), the Ninth Circuit has held that this "use offset" is properly included in determining the jurisdictional amount. *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08611-JAK (ASx) | Date | June 15, 2026 |
| Title | Seema Kanwal v. General Motors LLC et al. | | |

Vehicle, its odometer reading was 58 miles. *Id.* The RISC also states that Plaintiff made a down payment of $30,750. The remaining balance of $41,085.55 was financed with a charge of $5518.25. *Id.* Plaintiff's payment schedule required monthly payments of $776.73, beginning on August 21, 2019, and ending on July 21, 2024. *Id.* Accordingly, the total amount payable under the RISC was $77353.80.[7] *See Amavizca v. Nissan N. Am., Inc.*, No. 22-cv-02256, 2023 WL 3020489, at *4 (C.D. Cal. Apr. 19, 2023) (the actual damages are the total sales price where the defendant submitted a copy of the RISC showing the total sale price, the amount financed, the applicable interest rate, and the payment structure); *Solis v. Nissan N. Am. Inc.*, No. 24-cv-00728, 2024 WL 1311275, at *4 (C.D. Cal. Mar. 27, 2024) (the actual damages are total sales price).

Effective January 1, 2025, additional offsets must be applied in the calculation of the "actual price paid or payable" for negative equity, manufacturers' rebates and credits, and "optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff." Cal. Code Civ. Proc. § 871.27(b)–(d). These offsets are properly included in determining the jurisdictional amount. *See, e.g., Lopez v. Ford Motor Co.*, No. 25-CV-1742, 2025 WL 3022849, at *4 (C.D. Cal. Oct. 28, 2025) (deducting these offsets from amount-in-controversy). Moreover, as noted, because these deductions affect the calculation of the "actual price paid or payable," they must be applied before the mileage offset, whose amount depends on the "actual price paid or payable."

Based on the RISC, the following offsets are applied to the calculation of the "actual price paid or payable": (1) $2750 for a manufacturer's rebate; (2) $695 for optional surface-protection products paid to Dupont Protect; and (3) $5000 for optional service contracts with Ally App and Safe Guard. Dkt. 15-2 at 2; Cal. Code Civ. Proc. § 871.27(b) ("[D]efendant is entitled to an offset in the calculation of the actual price paid or payable for optional equipment, service contracts . . . supplied by a third party . . . ."); *id.* § 871.27(d) ("[M]anufacturer's rebate[] shall not be included in the calculation of the actual price paid or payable . . . ."). The only other possible offset, Cal. Code Civ. Proc. § 871.27(c), does not apply because the RISC does not reflect any "negative equity incorporated in the transaction from prior vehicles." Applying these figures shows that $77353.80 less $8445 is $68908.80, which is the offset-adjusted "actual price paid or payable" for the Vehicle.

As noted, the restitution that can be awarded under Cal. Civ. Code § 1793.2(d)(2)(B) must be further reduced by the mileage offset, which is the amount directly attributable to use by the consumer. As also noted, the offset is measured by miles driven, prior to the first repair (or attempted repair) pro-rated against a base of 120,000 miles. Cal. Civ. Code § 1793.2(d)(2)(C); *see also Schneider*, 756 F. App'x at 701 (deducting mileage offset from the amount-in-controversy).

The Complaint does not allege either an appropriate mileage offset, or whether or at what point any repairs or attempts to repair the Vehicle were made. In support of the Opposition, Defendant provided

---

[7] In addition to the RISC, Defendant filed a copy of the payment history Plaintiff produced for the subject vehicle. Dkt. 15-4. It shows that Plaintiff borrowed $29,447.58 from Bank of America on September 4, 2020, and paid a total of $31605.47 between October 5, 2020, and September 17, 2024, not including a $35 assessment fee. *Id.* at 2. After September 17, 2024, $0.51 remained on the loan. *Id.* This payment history does not account for any payments made between August 21, 2019 and September 4, 2020. Neither Defendant nor Plaintiff provides evidence for the amount actually paid during that time. Given the discrepancy in evidence, the approach in *Amavizca*, No. 22-cv-2256, 2023 WL 3020489, at *4 is adopted to determine the "amount payable," rather than hypothesizing about the amount paid.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08611-JAK (ASx) | Date | June 15, 2026 |
|---|---|---|---|
| Title | Seema Kanwal v. General Motors LLC et al. | | |

copies of the repair records for the Vehicle. *See* Dkt. 15-3. They show that, on or around July 18, 2019, the Vehicle was serviced for repair of a defect, and the odometer reading was 248 miles. Dkt. 15-1 ¶ 3 (citing Dkt. 15-3). This results in the calculation of a mileage offset of $109.10.[8] Applying these figures shows that $68908.80 less $109.10 is $68799.70.[9]

Based on Defendant's submissions, to which Plaintiff has neither objected nor responded, for jurisdictional purposes, it has been shown by a preponderance of the evidence that the Complaint seeks $68799.70 in actual damages.

Because actual damages alone exceed the $50,000 threshold to confer federal jurisdiction under the MMWA, it is not necessary to assess the remaining damages or fee categories, such as civil penalties or a request for an award of attorney's fees.

*                *                *

Because Defendant has shown by a preponderance of the evidence that there is diversity of citizenship and that the amount in controversy exceeds $50,000, there is subject matter jurisdiction over this action.

**IV.    Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer        LC1

_____

[8]  248 – 58 miles at purchase = 190 miles. (190/120,000) x $68908.80 (price paid or payable for the Vehicle) = $109.10.

[9]  Defendant incorrectly states that the offset amount is $88.13, which is based on a purchase price of $55,664.00 for the Vehicle. Dkt. 15 at 24; *see also* Dkt. 15-2 at 2 (showing cash price of $55,664.00 in itemized disclosure). As noted, the relevant starting figure in calculating the mileage offset is the total sales price of the Vehicle, which was $77,353.80, not the cash price. *See, e.g.*, *Amavizca v. Nissan N. Am., Inc.*, No. 22-cv-02256, 2023 WL 3020489, at *4 (C.D. Cal. Apr. 19, 2023) (actual damages are equivalent to the total that plaintiff paid or agreed to pay).